UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.  SACV 12-1726-JST (JPRx)                                  Date:  October 16, 2012
Title: OWB REO, LLC v. Catalina Garcia

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

|  Ellen Matheson  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not present                                                    Not present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT, CASE NO. 30-2012-00578645**

Plaintiff OWB REO, LLC ("OWB") filed this unlawful detainer action against Defendant Catalina Garcia ("Garcia") and Does 1 to 10 in Orange County Superior Court on June 21, 2012, Case Number 30-2012-00578645.  On October 5, 2012, Defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332.  (Notice of Removal, Doc. 1.)  Where a federal district court lacks subject-matter jurisdiction, it must remand the case, and has the discretion to do so *sua sponte*.  *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)).  For the reasons discussed below, the Court *sua sponte* REMANDS this case to the Orange County Superior Court.

When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co*., 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," and thus "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Moreover, removal is proper only in "state-court actions that originally could have been filed in federal court . . . ." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Here, Defendant's removal is procedurally and substantively defective.  First, Defendant did not file her Notice of Removal within thirty days of receiving the complaint.  *See* 28 U.S.C. § 1446(b).  Second, Defendant has not established that federal subject-matter jurisdiction exists.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.  SACV 12-1726-JST (JPRx)                                      Date:  October 16, 2012

Title:  OWB REO, LLC v. Catalina Garcia

Removal under Section 1332 is improper because Defendant fails to allege the citizenship of the parties and has not met her burden of demonstrating that the amount in controversy exceeds $75,000.  "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'"  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (quoting *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007)).  Here, OWB's complaint seeks damages in the amount of $100 per day from June 4, 2012, through the date of entry of judgment in its unlawful detainer action, up to $10,000.  Based upon these facts, it is clear that the $75,000 jurisdictional requirement is not met.

Secondly, Defendant argues that Plaintiff's unlawful detainer action presents a federal question because the State Court Eviction Action deprived her of her Constitutional rights to due process under the Fifth and Fourteenth Amendments.  (Notice of Removal at 6-7.)  However, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 392.  There is no federal question apparent on the face of OWB's complaint, which alleges only a state law unlawful detainer claim.  *See IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337, 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (sua sponte remanding an action to state court for lack of subject-matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fin. v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

Finally, construing Defendant's notice of removal as arguing for civil-rights removal, she fails to show that removal under Section 1443 is appropriate because she has not "reference[d] . . . a [California] state statute or a constitutional provision that purports to command the state courts to ignore [her] federal rights."  *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006); *see Georgia v. Rachel*, 384 U.S. 780, 788 (1966).  Although she states in her Notice of Removal that California Civil Code § 2924 deprives her of her equal-protection and due-process rights, she does not assert that that statute commands the state courts to ignore her federal rights.

For the foregoing reasons, the Court concludes that it lacks subject-matter jurisdiction over this case, and REMANDS it to Orange County Superior Court, Case No. 30-2012-00578645.

Initials of Preparer:  <u>enm</u>